UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SUFFOLK, ss.                                          Civil Action No.

RICHARD PARELES,
        Plaintiff,

v.                                                    PLAINTIFF'S COMPLAINT
                                                      AND JURY DEMAND
PARNTERS HEALTHCARE
SYSTEM, INC., NEWTON-WELLESLEY
HOSPITAL, PAMELA J. CORMIER
        Defendants.

## Introduction

1. The Plaintiff, Richard Pareles brings this civil action seeking damages for Breach of Contract, Defamation, Invasion of Privacy, Intentional Infliction of Emotional Distress, Civil Rights Violations, and Violations of M.G.L. c. 93A.

2. In June of 2008 I contracted a parasite infection. I went to Newton-Wellesley Hospital desperately hoping that they would help me. I had open sores all over my body.

3. They performed a "buzzword" analysis, matching what I told them with the DSM, and determined that I had delusional parasiteosis, and denied me medical care. I cured the problem on my own.

4. I brought one of the parasites that emerged from my skin to Newton-Wellesley Hospital. They commented that it looked like a fly. On that date, I asked for the sample back, and they could not find it.

5. On 8/22/08, desperate to find out what I had, I called the hospital and asked for the sample. I spoke to Pamela Cormier, who was rude and insulting.

6. When I called back to find out what had happened to the sample, Ms. Cormier told me it had been thrown out.

7. I called her staff a "bunch of incompetent morons", and threatened to sue them.

8. Ms. Cormier called the Newton Police and said that I threatened her with "lethal force". The Newton Police Department sent the Watertown police to my home.

9. Partners Healthcare has a policy of routing innocent people into their "mental health"/penal system.

10. Partners Healthcare supervises, Newton-Wellesley Hospital. Both have enabled their employees to use the mental health laws to eliminate nuisances, and dump their victims into their "mental health"/penal system.

11. All of these defendants have given themselves the right to motivate their victims through fear. Had Ms. Cormier had her way, I would have been hauled out of my home in handcuffs, and brutally punished, as is the custom at Partners Health Care institutions, such as McLean Hospital. I would have been imprisoned and brutalized, without a trial.

Parties

12. The Plaintiff, Richard Pareles, resides in Middlesex County.

13. Defendant Partners Healthcare System, Inc., (Partners Healthcare) is a nonprofit corporation, licensed under the laws of Massachusetts, with its principal office located at 800 Boylston St., Suite 1150, Boston, MA 02199, in the County of Suffolk. All the other Defendants are supervised by Partners Healthcare.

14. Partners Healthcare's tortuous supervision of the other defendants actively encouraged the conduct giving rise to this complaint.

15. Newton Wellesley Hospital is located at, 2014 Washington Street, Newton, MA 02462, in the county of Middlesex.

16. At all times relevant to this complaint Pamela J. Cormier was employed as a nurse in the emergency room at Newton-Wellesley Hospital. She resides at 130 Union Street, East Walpole, MA 02032, in the County of Middlesex.

COUNT I: BREACH OF CONTRACT AGAINST ALL DEFENDANT

17. The Plaintiff re-alleges all the paragraphs in this Complaint, as if fully set out in this Count.

18. I contracted with Newton-Wellesley Hospital for medical care. They refused to treat me, and the destruction of the sample I brought them was one more breach of contract.

19. Sending the police to my home because I threatened a lawsuit was a breach of contract, as was using my personal information to send police to my home address.

## COUNT II: DEFAMATION AGAINST ALL DEFENDANTS

20. The Plaintiff re-alleges all the paragraphs in this Complaint, as if fully set out in this Count.

21. The Defendants, with a reckless disregard for the truth created a medical record portraying me as mentally ill. Their conduct was intended to insure that I would not be able to seek redress for their incompetent care.

22. Ms. Cormier deliberately lied to the police, on 8/22/08, when she sent them to my home. She did that in retaliation for my threat to sue.

## COUNT III: INVASION OF PRIVACY AGAINST ALL DEFENDANTS

23. The Plaintiff re-alleges all the paragraphs in this Complaint, as if fully set out in this Count.

24. The tortuous conduct of all these Defendants culminated with Pamela Cormier sending the Watertown Police to the front door of my home, with instructions to have me hauled off to a mental hospital.

## COUNT IV: CIVIL RIGHTS VIOLATIONS, PURSUANT TO M.G.L. c. 12 § 111I, AGAINST ALL DEFENDANTS

25. The Plaintiff re-alleges all paragraphs in this Complaint, in their entirety, as if fully set forth in this Count.

26. Acting under color of the law, to wit M.G.L. c. 123, the Defendant Pamela Cormier, in furtherance of the tortuous conduct of the other Defendants sent the Watertown Police to my home.

27. I exercised my First Amendment rights when I threatened to sue Newton-Wellesley Hospital. I was invoking my right to Due Process. Ms. Cormier retaliated with an act of intimidation, sending the police to my home.

28. I suffered panic attacks for years afterward as the result of her conduct.

## COUNT V: CIVIL RIGHTS VIOLATIONS, PURSUANT TO 42 U.S.C.A § 1983, AGAINST ALL DEFENDANTS

29. The Plaintiff re-alleges all paragraphs in this Complaint in their entirety, as if fully set forth in this Count.

## COUNT VI: INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

30. The Plaintiff re-alleges all paragraphs in this Complaint, in their entirety, as if fully set forth in this Count.

31. The Defendants' conduct as set out in this complaint was extreme and outrageous beyond all possible bounds of decency and utterly intolerable in a civilized society.

32. The Defendants intended to inflict severe emotion distress on the Plaintiff or knew or should have known that their acts would likely cause severe emotional distress to the Plaintiff.

COUNT VII: VIOLATION OF M.G.L. c. 93A, AGAINST ALL DEFENDANTS

33. The Plaintiff re-alleges all paragraphs in this Complaint in their entirety, as if fully set forth in this Count.

34. These Defendants, at all times relevant to this complaint, were engaged in the business of providing health care.

35. They knowingly and willingly refused to provide me with health care in spite of the fact that I was suffering from an agonizingly painful disease.

36. They have adopted an illegal standard, using the profiles in the DSM, for denying health care to individuals.

37. These Defendants will have been served with Demand Letters, pursuant to M.G.L. c. 93A, by the time this is served.

COUNT XVI: INJUNCTIVE RELIEF

38. The Plaintiff re-alleges all paragraphs in this Complaint in their entirety, as if fully set forth in this Count.

39. The Plaintiff is seeking an injunction barring Partners Health Care, and its affiliates and employees from ever interfering with Plaintiff's civil rights.

WHEREFORE, the Plaintiff prays for the following relief:

(1) Award on Count I, Breach of Contract against all Defendant, and judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial, plus interest, plus the cost of suit herein, including attorneys fees,

(2) Award on Count II, for Defamation of against all Defendants, and judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial, plus interest, plus the cost of suit herein, including attorneys fees,

(3) Award on Count III, for Invasion of Privacy, against all Defendants and judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial, plus interest, plus the cost of suit herein, including attorneys fees,

(4) Award on Count IV, for Civil Right Violations (State), against all Defendants, and judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial plus interest, plus the cost of suit herein, including attorneys fees,

(5) Award on Count V, for Civil Right Violations (Federal) against all Defendants, judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial plus interest, plus the cost of suit herein, including attorneys fees,

(6) Award on Count VI, Emotional Distress against all Defendants, and judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial plus interest, plus the cost of suit herein, including attorney's fees,

(7) Award on Count VII, Violation of M.G.L. c. 93A against all Defendants, and judgment to Richard Pareles and against the Defendants in the amount of actual and consequential damages in an amount to be determined at trial plus interest, plus the cost of suit herein, including attorney's fees. In addition, the Plaintiff seeks the enumerated damages tripled pursuant to M.G.L. c. 93A, as well as legal fees.

(8) On Count VIII, for Injunctive Relief to enjoin Partners Healthcare, and its agents and affiliates from interfering with the Plaintiff's civil rights, as well as any other relief this Court deems just and equitable.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL COUNTS FOR WHICH A JURY TRIAL IS AVAILABLE.**

Respectfully submitted,
THE PLAINTIFF,
RICHARD PARELES,
Pro Se,

DATED: 8/22, 2011

Richard M. Pareles
P.O. Box 942
Watertown, MA 02471, RPareles@aol.com
(617) 393-3716, BBO# 551404