UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD PARELES,<br>    Plaintiff,<br><br>v.<br><br>PARTNERS HEALTHCARE<br>SYSTEM, INC.,<br>NEWTON-WELLESLEY HOSPITAL,<br>MANIJEH G. ZARGHAMEE, M.D.,<br>PAMELA J. CORMIER, R.N.,<br>    Defendants. | CIVIL ACTION NO. 1:11-cv-11489-RGS |

**ANSWER OF DEFENDANTS PARTNERS HEALTHCARE SYSTEM, INC., NEWTON-WELLESLEY HOSPITAL, MANIJEH G. ZARGHAMEE, M.D., AND PAMELA J. CORMIER, R.N. TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT, AND COUNTERCLAIM ON BEHALF OF NEWTON-WELLESLEY HOSPITAL**

Introduction

1.  The Defendants Partners Healthcare System, Inc. (Partners), Newton-Wellesley Hospital (NWH), Manijeh G. Zarghamee, M.D. (Dr. Zarghamee), and Pamela J. Cormier, R.N. (Nurse Cormier) state that no responsive pleading is required to Paragraph 1 of the First Amended Complaint, other than that they deny any allegations of tortious conduct.

2.  The Defendants admit that on July 31, 2008, the plaintiff presented to NWH's Urgent Care Clinic in Waltham where he was examined by Dr. Zarghamee, who noted that he had red areas on his body particularly his right ankle and indications of severe scratching, but they deny the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

3.  The Defendants deny the allegations contained in Paragraph 3 of the First Amended Complaint.

4.  The Defendants deny the allegations contained in Paragraph 4 of the First Amended Complaint.

5. The Defendants admit that after Dr. Zarghamee's examination and evaluation of the plaintiff, including her careful examination of his testicles and penis because of a complaint two days earlier that bugs were coming out of his penis and because he now thought these areas were blue, Dr. Zarghamee's assessment/diagnosis was delusional parasitosis, but they deny the remaining allegations contained in Paragraph 5 of the First Amended Complaint.

6. The Defendants admit, as indicated in Response No. 5 above, that Dr. Zarghamee performed a detailed examination in response to the plaintiff's complaints, but they deny the remaining allegations contained in Paragraph 6 of the First Amended Complaint.

7. The Defendants deny the allegations contained in Paragraph 7 of the First Amended Complaint.

8. The Defendants admit that the plaintiff, at the time of his visit with Dr. Zarghamee, had the physical findings detailed in Response No. 2 above, but they deny the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9. The Defendants deny the allegations contained in Paragraph 9 of the First Amended Complaint.

10. The Defendants admit that the plaintiff presented on several occasions, beginning on August 1, 2008, to the Emergency Department at NWH, but they deny the remaining allegations contained in Paragraph 10 of the First Amended Complaint.

11. The Defendants deny the allegations contained in Paragraph 11 of the First Amended Complaint.

12. The Defendants admit that the total bill for the care provided to the plaintiff by NWH in late July and early August, 2008, was $4,199.00, that the plaintiff has to date not paid the bill,

which is the subject of NWH's Counterclaim, infra, but they deny the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

13. The Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the First Amended Complaint.

14. The Defendants admit that the plaintiff spoke to Nurse Cormier by telephone on August 22, 2008, but they deny the remaining allegations contained in Paragraph 14 of the First Amended Complaint.

15. The Defendants admit that Nurse Cormier told the plaintiff that NWH did not have the bag containing skin scrapings and a fly or insect that the plaintiff three weeks earlier had brought in claiming to be parasites, but they deny the remaining allegations contained in Paragraph 15 of the First Amended Complaint.

16. The Defendants admit that Nurse Cormier told the Newton Police that the plaintiff had stated the NWH staff would be in grave danger from him if the staff tried to commit him to a mental facility, but they are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 16 of the First Amended Complaint.

17. The Defendants deny the allegations contained in Paragraph 17 of the First Amended Complaint.

18. The Defendants deny the allegations contained in Paragraph 18 of the First Amended Complaint.

Parties

19. The Defendants are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of the First Amended Complaint.

20. The Defendants admit the allegations contained in Paragraph 20 of the First Amended Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of the First Amended Complaint.

22. The Defendants deny the allegations contained in Paragraph 22 of the First Amended Complaint.

23. The Defendants admit the allegations contained in the first sentence of Paragraph 23 of the First Amended Complaint, and in further answering state that NWH is incorporated as a non-profit corporation. The Defendants deny, as phrased, the allegations contained in the second sentence of said Paragraph.

24. The Defendants admit the allegations contained in Paragraph 24 of the First Amended Complaint.

25. The Defendants admit that Dr. Zarghamee is an employee of NWH, and that in her capacity as a physician, board-certified in Family Medicine, she provided treatment to the plaintiff at NWH's Urgent Care Facility in Waltham, but they deny the remaining allegations contained in Paragraph 25 of the First Amended Complaint.

## Count I

26. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

27. The Defendants admit the allegations contained in the first sentence, but deny the allegations contained in the second sentence of Paragraph 27 of the First Amended Complaint.

## Count II

28. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

29. The Defendants deny the allegations contained in Paragraph 29 of the First Amended Complaint.

30. The Defendants deny the allegations contained in Paragraph 30 of the First Amended Complaint.

## Count III

31. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

32. The Defendants deny the allegations contained in Paragraph 32 of the First Amended Complaint.

33. The Defendants deny the allegations contained in Paragraph 33 of the First Amended Complaint.

## Count IV

34. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

35. The Defendants deny the allegations contained in Paragraph 35 of the First Amended Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the First Amended Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of the First Amended Complaint.

38. The Defendants deny the allegations contained in Paragraph 38 of the First Amended Complaint.

39. The Defendants deny the allegations contained in Paragraph 39 of the First Amended Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of the First Amended Complaint.

<u>Count V</u>

41. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

42. The Defendants deny the allegations contained in Paragraph 42 of the First Amended Complaint.

43. The Defendants deny the allegations contained in Paragraph 43 of the First Amended Complaint.

<u>Count VI</u>

44. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

45. The Defendants deny the allegations contained in Paragraph 45 of the First Amended Complaint.

46. The Defendants deny the allegations contained in Paragraph 46 of the First Amended Complaint.

47. The Defendants deny the allegations contained in Paragraph 47 of the First Amended Complaint.

48. The Defendants deny the allegations contained in Paragraph 48 of the First Amended Complaint.

49. The Defendants deny the allegations contained in Paragraph 49 of the First Amended Complaint.

## Count VII

50. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

51. The Defendants deny, as phrased, the allegations contained in Paragraph 51 of the First Amended Complaint.

52. The Defendants deny the allegations contained in Paragraph 52 of the First Amended Complaint.

53. The Defendants deny the allegations contained in Paragraph 53 of the First Amended Complaint.

54. The Defendants deny the allegations contained in Paragraph 54 of the First Amended Complaint.

55. The Defendants deny the allegations contained in Paragraph 55 of the First Amended Complaint.

56. The Defendants are without sufficient knowledge or information to admit to deny the allegations contained in the first two sentences of Paragraph 56 of the First Amended Complaint, but deny the allegations of the third sentence of said paragraph.

57. The Defendants deny the allegations contained in Paragraph 57 of the First Amended Complaint.

58. The Defendants deny the allegations contained in Paragraph 58 of the First Amended Complaint.

59. The Defendants deny the allegations contained in Paragraph 59 of the First Amended Complaint.

60. The Defendants deny the allegations contained in Paragraph 60 of the First Amended Complaint.

61. The Defendants deny the allegations contained in Paragraph 61 of the First Amended Complaint.

62. The Defendants deny the allegations contained in Paragraph 62 of the First Amended Complaint.

63. The Defendants admit that they respectively received the letters, attached as Exhibit A to the plaintiff's First Amended Complaint, but they deny that the letters are legally sufficient "demand" letters pursuant to Mass. G. L. c. 93A. The defendants admit that the letter, attached as Exhibit B to the First Amended Complaint, was sent on their respective behalves in response to the plaintiff's letters, and that no offer of settlement was made, but they deny the remaining allegations contained in Paragraph 63 of the First Amended Complaint.

## Count VIII

64. The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

## Count IIX [sic]

64. [sic] The Defendants restate their above responses to the allegations contained in the First Amended Complaint.

65.     The Defendants deny that they ever violated any rights of the plaintiff, and they deny that the plaintiff is entitled to any injunction against them.

The Defendants deny the allegations, and the requests for an award, stated in the paragraphs numbered (1) through (8) inclusive. The Defendants deny the allegations, and the request for injunctive relief, set out in the paragraph numbered (9).

### THE DEFENDANTS ASSERT THE FOLLOWING AFFIRMATIVE DEFENSES:

#### First Affirmative Defense

The plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.

#### Second Affirmative Defense

The plaintiff's First Amended Complaint is barred by the statute of limitations.

#### Third Affirmative Defense

The Defendants Partners Healthcare System, Inc. and Newton-Wellesley Hospital state they are charitable, not for profit corporations whose respective liability, if any, is limited by the provisions of Mass. G. L. c. 231, § 85K.

#### Fourth Affirmative Defense

The plaintiff's own negligence caused the alleged injuries and damages, and if the percentage of the plaintiff's own negligence in causing the injuries is found to exceed the percentage of the negligence of the Defendants, the plaintiff is barred from recovery against them.

#### Fifth Affirmative Defense

The plaintiff's own negligence caused the alleged injuries and damages, and if the percentage of the plaintiff's negligence is found to be less than the percentage of the negligence of the Defendants, then the plaintiff's recovery must be reduced by the percentage of the plaintiff's own negligence.

THE DEFENDANTS RESERVE THE RIGHT TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS DISCOVERY MAY WARRANT.

## COUNTERCLAIM ON BEHALF OF NEWTON-WELLESLEY HOSPITAL

1. The Defendant/Plaintiff-in-Counterclaim Newton-Wellesley Hospital (NWH) asserts, as admitted by the Plaintiff/Defendant-in-Counterclaim Richard Pareles in the first sentence of Paragraph 27 of his First Amended Complaint, that he contracted with NWH for medical care.

2. Richard Pareles sought and received evaluation and medical care at NWH on July 29, July 31, August 1 (2 visits) and August 3, 2008.

3. Richard Pareles has been sent bills for, but has refused to pay for, his NWH medical care. These bills total $4,199.00, and include: a bill for $196.00 for his July 29, 2008 visit; a bill for $208.00 for his July 31, 2008 visit; a bill for $2,409.00 for one of his visits on August 1, 2008; a bill for $688.00 for his other visit on August 1, 2008; and, a bill for $698.00 for his visit on August 3, 2008.

4. Richard Pareles, by his failure to pay for his medical care, has breached his contract with NWH.

WHEREFORE, NWH prays that judgment be entered against Richard Pareles for breach of contract in the amount of $4,199.00, and that interest, costs, and attorneys' fees be then assessed and added to that amount.

## JURY TRIAL DEMAND

The Defendants Partners Healthcare System, Inc., Newton-Wellesley Hospital, Manijeh G. Zarghamee, M.D., and Pamela J. Cormier, R.N., and the Plaintiff-in-Counterclaim Newton-Wellesley Hospital, demand a jury trial on all matters so triable.

Respectfully submitted,
For the Defendants,
Partners Healthcare System, Inc.,
Newton-Wellesley Hospital,
Manijeh G. Zarghamee, M.D., and
Pamela J. Cormier, R.N.,
And For the Plaintiff-in-Counterclaim,
Newton-Wellesley Hospital,
By their attorney,

*/s/ James S. Hamrock, Jr.*
James S. Hamrock, Jr.
BBO # 219400
Hamrock & Tocci
101 Main Street
Cambridge, MA 02142
(617) 496-5370
jhamrock@htclaw.com

Certificate of Service

I hereby certify that a true copy of the above document was served upon the pro-se plaintiff, Richard Pareles, via first-class mail, postage paid, and via electronic mail, on December 12, 2011.

*/s/ James S. Hamrock, Jr.*
James S. Hamrock, Jr.