UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11489-RGS

RICHARD PARELES

v.

PARTNERS HEALTHCARE SYSTEM, INC.,
NEWTON-WELLESLEY HOSPITAL,
MANIJEH G. ZARGHAMEE, M.D., and
PAMELA J. CORMIER, R.N.

MEMORANDUM AND ORDER ON PLAINTIFF'S RESPONSE
TO THE ORDER TO SHOW CAUSE

July 10, 2012

STEARNS, D.J.

On August 22, 2011, Richard Pareles brought this pro se lawsuit[1] seeking

damages for a series of incidents arising from his treatment in June of 2008 for a

parasite infection at Newton-Wellesley Hospital (Newton-Wellesley).  The lawsuit

aggregates medical malpractice and civil rights claims against disparate defendants.

The First Amended Complaint, filed in November of 2011, consists of nine counts, only

one of which (Count V), a claim under the Federal Civil Rights Act, 42 U.S.C. § 1983,

raises a federal question.   In Count V, Pareles asserts that defendant Pamela Cormier,

a nurse at Newton-Wellesley, attempted to cause his arrest by reporting an admittedly

---

[1] Pareles is a member of the Massachusetts bar.

intemperate telephone call to the Newton Police Department.[2]  Pareles claims that Nurse Cormier, by complaining about his obstreperous behavior to police, violated his First Amendment, Fourth Amendment, Fifth Amendment, and Seventh Amendment rights.[3]

Section 1983 creates a cause of action against those who, acting under color of State law, violate federal constitutional or statutory law.  *See* 42 U.S.C. § 1983.[4] To be held liable under Section 1983, the wrongdoer must be a state actor and her conduct must be shown to have caused the alleged constitutional or statutory deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Soto v. Flores*, 103 F.3d 1056, 1061-1062 (1st Cir. 1997).  An official act "under color of [S]tate law while

---

[2] Pareles concedes in the Complaint that he called Cormier and the staff at Newton-Wellesley "a bunch of incompetent morons."  While Count V purports to be brought against "all defendants," it recites acts imputed only to Cormier.

[3] Jurisdiction in this court is based solely on Count V.

[4] 42 U.S.C. § 1983 specifically provides that

> [e]very person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

2

acting in his official capacity or while exercising his responsibilities pursuant to [S]tate law." *West v. Atkins*, 487 U.S. 42, 50 (1988).  An act causes a constitutional violation when it deprives a person of "some right or privilege created by the [S]tate, or by a rule of conduct imposed by the [S]tate." *Alexis v. McDonald's Rests. of Massachusetts, Inc.*, 67 F.3d 341, 351 (1st Cir. 1995).

The allegations against Cormier fail both elements of the State actor test.  In the first instance, Cormier, a nurse in a privately-owned hospital, is not a State actor.  Nor is she transformed into a State actor by virtue of her employment by an institution that is subject to government regulation and performs occasional services for the State. *Rendell-Baker v. Kohn*, 457 U.S. 830, 840-843 (1982).  *See also United States v. Pervaz*, 118 F.3d 1, 5-6 (1st Cir. 1997) (a person does not become a State agent simply because she is employed by the government or because she has had some antecedent contact with police; she becomes a State actor only when government affirmatively encourages or acquiesces in acts she undertakes with the intent of serving some governmental purpose).  "Government regulation, even extensive regulation, and the receipt of federal funds . . . are insufficient to establish that a hospital or other [private] entity acted under color of state law."  *Rockwell v. Cape Cod Hospital*, 26 F.3d 254, 258 (1st Cir. 1994) (physician involuntarily committing a patient under Mass. Gen. Laws ch. 123, §12, is not a "State actor").  "[I]t is not enough to show that the private

actor performed a public function.  The plaintiff must show that the private entity assumed powers 'traditionally exclusively reserved to the State.'"  *Id.*

In the second instance, even where a person is shown to be a State actor, the constitutional deprivation must be proximately caused by an abuse of official power. *See Parrilla-Burgos v. Hernandez-Rivera*, 108 F.3d 445, 449 (1st Cir. 1997) ("[I]t is not enough for an individual merely to purport to exercise official power in order to trigger § 1983 liability, but rather the individual must actually be engaged in the abuse of official power granted by the government.").  The reporting of abusive and possibly criminal behavior to police is an exercise of a private – not an official – right, and one that is privileged under law.   Indeed, because of the strong public interest in encouraging citizens to report wrongdoing to police, a private party who makes such a report in good faith is immune from suit under section 1983.  *See Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 254 n.2 (1st Cir. 1996).  Consequently, Pareles' claim against Cormier will be dismissed.

The exercise of supplemental jurisdiction by the district court over pendent state law claims is discretionary.  *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to

exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). *See also Martinez v. Colon*, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claims appropriate when no "legitimate" federal question remained in advance of trial). That is the case here.[5]

ORDER

For the foregoing reasons, the section 1983 claim against Cormier (Count V) is DISMISSED with prejudice. As the court declines to exercise jurisdiction over Pareles' state claims, they are DISMISSED without prejudice. The Clerk is instructed to enter a judgment for Cormier on Count V and close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[5] The sparing exercise of jurisdiction over naked state claims has special force, where, as here, these remaining claims involve issues primarily committed to state court determination, such as medical malpractice, consumer protection, and interpretation of the state privacy laws.